UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------------------------------------x
:
PERRY BOUTTE, on behalf of himself and all : **Civil Action No.:** _____
others similarly situated, :
: **Class Action**
Plaintiff, :
: **Demand for Jury Trial**
vs. :
:
JPMORGAN CHASE BANK, N.A., :
:
Defendant. :
:
---------------------------------------------------------------x

# CLASS ACTION COMPLAINT

Plaintiff Perry Boutte ("Plaintiff"), by and through the undersigned counsel, sues Defendant JPMorgan Chase Bank, N.A. ("JPMorgan" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a class action brought against Defendant for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**
>
> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –**
>
> \*\*\*\*\*
>
> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.**

1

3. Upon information and belief, Defendant routinely violates 47 U.S.C. §227 (b)(1)(A)(iii) by placing non-emergency telephone calls to the cellular telephones of consumers using an automatic telephone dialing system and/or an artificial or prerecorded voice, without the prior express consent of the consumers.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where a substantial part of the events giving rise to Plaintiff's action occurred in this State and this District, and where Defendant has its principal place of business in this State and this District.

## PARTIES

6. Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Harris.

7. Defendant is a national bank with principal offices located at 10 South Dearborn Street, 16th Floor, Chicago, IL 60603. Defendant may be served through its registered agent CT Corporation, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

8. Defendant is the consumer and commercial banking subsidiary of the multinational banking corporation JPMorgan Chase & Co.

## FACTUAL ALLEGATIONS

9. Prior to July 2012, Defendant began placing telephone calls to Plaintiff in an apparent attempt to collect an alleged consumer debt from a person other than Plaintiff.

10. Plaintiff did not know the person whom Defendant apparently was attempting to reach.

11. Upon information and belief, Defendant placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system, as defined by 47 U.S.C. § 227 (a)(1), including, but not limited to, calls placed on the following dates and times:

- July 17, 2012 at 12:00 P.M.;
- July 17, 2012 at 6:52 P.M.;
- July 18, 2012 at 9:53 A.M.;
- July 18, 2012 at 11:41 A.M.;
- July 18, 2012 at 1:26 P.M.;
- July 18, 2012 at 4:56 P.M.;
- July 18, 2012 at 6:17 P.M.;
- July 19, 2012 at 2:06 P.M.;
- July 19, 2012 at 5:37 P.M.;
- July 19, 2012 at 7:40 P.M.;
- July 20, 2012 at 11:40 A.M.;
- July 20, 2012 at 2:08 P.M.;
- July 21, 2012 at 8:24 A.M.;
- July 21, 2012 at 10:47 A.M.;
- July 21, 2012 at 12:33 P.M.;
- July 24, 2012 at 3:19 P.M.;
- July 25, 2012 at 2:46 P.M.;
- July 26, 2012 at 12:57 P.M.;
- July 26, 2012 at 1:11 P.M.;
- July 27, 2012 at 2:42 P.M.;
- July 28, 2012 at 12:48 P.M.;
- July 31, 2012 at 7:09 P.M.; and
- August 8, 2012 at 3:33 P.M.

12. During some of the above-referenced telephone calls to Plaintiff's cellular telephone, Defendant left messages on Plaintiff's voicemail using an artificial or prerecorded voice.

13. Upon information and belief, Defendant made additional non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or an artificial or prerecorded voice other than the calls set forth herein. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

14. Defendant placed the telephone calls set forth herein to a telephone number assigned to a cellular telephone service.

15. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone.

16. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

17. Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above willfully and knowingly in that it consciously and deliberately made the calls referenced herein, and consciously and deliberately left, and intended to leave, voicemail messages using an artificial or prerecorded voice.

18. Upon information and belief, Defendant had knowledge it was using, and intended to use, an automatic telephone dialing system to make and/or an artificial or prerecorded voice to place the telephone calls identified above.

**CLASS ACTION ALLEGATIONS**

19. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and a Class of similarly situated individuals as defined below:

> All persons and entities throughout the United States (1) to whom JPMorgan Chase Bank, N.A. made or caused to be made one or more telephone calls (2) directed to a number assigned to a cellular telephone service (3) by using an automatic telephone dialing system and/or an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint to the present.

Excluded from the Class is Defendant, the officers and directors of Defendant, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

20. The proposed Class is so numerous that joinder of all members is impracticable. The exact number of members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Class is ascertainable in that the names

4

and addresses of all members of the Class can be identified in business records maintained by Defendant.

21. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all of the Class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff possesses the same interests and has suffered the same injuries as each Class member. Like all proposed members of the Class, Plaintiff received telephone calls from Defendant using an automatic telephone dialing system and/or an artificial or prerecorded voice, without his consent, in violation of 47 U.S.C. §227.

22. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced and competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the Class that Plaintiff seeks to represent.

23. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

24. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Class are:

    a. Defendant's violations of the TCPA as alleged herein;

    b. the existence of Defendant's identical conduct particular to the matters at issue; and

    c. the availability of statutory damages.

25. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### COUNT I: VIOLATIONS OF 47 U.S.C. §227(b)(1)(A)(iii)

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 25.

27. Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number.

28. Defendant knowingly or willingly violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or pre-recorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number.

29. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff and the Class are entitled to damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as class representative of the Class under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 47 U.S.C. §227(b)(1)(A)(iii), and that Defendant did so knowingly and willingly, and enjoining Defendant from further violations of 47 U.S.C. §227(b)(1)(A)(iii) with respect to Plaintiff and the other members of the Class;

(c) Awarding Plaintiff and members of the Class statutory damages pursuant to 47 U.S.C. §227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiff and members of the Class actual damages sustained as a result of Defendant's violations, pursuant to 47 U.S.C. §227(b)(3)(B);

   (e)  Awarding Plaintiff and members of the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

   (f)  Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: January 16, 2014      Respectfully submitted,

           */s/ Aaron D. Radbil*
           **AARON D. RADBIL**
           **MICHAEL L. GREENWALD\***
           **JAMES L. DAVIDSON\***
           GREENWALD DAVIDSON PLLC
           5550 Glades Road, Suite 500
           Boca Raton, FL 33431
           Telephone: 561.826.5477
           Fax: 561.961.5684
           aradbil@mgjdlaw.com
           mgreenwald@mgjdlaw.com
           jdavidson@mgjdlaw.com

           Counsel for Plaintiff and the Proposed Class

           \* to seek admission *pro hac vice*